IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DONALD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-05078-DGK |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Donald Smith's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments of asthma, depression, and anxiety, but retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional restrictions. The ALJ ultimately found Plaintiff could perform his past relevant work as an industrial truck operator and warehouse worker, or alternatively, as a cleaner, box bender, or packager.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on February 3, 2021, alleging a disability onset date of January 5, 2021.  The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing on August 15, 2022, and issued a decision finding Plaintiff was not disabled on December 2, 2022.  The Appeals Council denied Plaintiff's request for review on August 1, 2023, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The Court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close").  The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges two of the ALJ's Step Four findings. Plaintiff argues the ALJ erred by: (1) not explaining why he omitted certain limitations from the State's psychological consultants' opinions from the RFC; and (2) not considering Plaintiff's cane prescription when evaluating his ability to walk and stand. Both arguments are unpersuasive.

As to his first point, Plaintiff contends the ALJ erred when he failed to explain why he omitted the limitation in the State's psychological consultants' opinions stating Plaintiff should avoid "stressful interpersonal work." *See* R. at 27, 228, 237. The ALJ found these opinions persuasive, and determined Plaintiff could "occasionally interact with the general public and supervisors," but included no limitation related to the type of interaction. R. at 23, 27.

As an initial matter, an ALJ is "not required to adopt the exact limitations set forth in the opinions she found persuasive," so long as substantial evidence supports the RFC assessment. *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam). However, Social Security Ruling ("SSR") 96-8p requires an ALJ to explain when an RFC assessment conflicts with a medical opinion. *See* 1996 WL 374184 at *7.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, the RFC assessment is supported by substantial evidence and does not conflict with the medical opinions. At Step Three, the ALJ discussed the severity of Plaintiff's mental impairments, stating:

> In the area of interacting with others, the claimant has moderate limitation. He reported that his social activities have been reduced; however, he is able to spend time with others in person, has no problems getting along with family members, friends, neighbors, or others, and has never been fired or laid off from a job because of problems getting along with people.

R. at 22. Before moving to Step Four, the ALJ stated that Plaintiff's RFC would reflect these functional limitations. R. at 23.

At Step Four, the ALJ discussed Plaintiff's mental impairments, noting he has "difficulty being around groups and people he does not know." R. at 24. The ALJ determined Plaintiff's generally unremarkable mental examinations, conservative treatment, and daily activities were inconsistent with the alleged debilitating mental health symptoms. R. at 24–25.

Further, the ALJ added the limitation that Plaintiff's contact with supervisors should be limited to occasional. R. at 27. This limitation (which was not included in the psychological consultants' opinions) accounts for Plaintiff's anxiety around authority figures, *see* R. at 397, and the stress those interactions can cause. While this limitation is worded differently than the limitation in the psychological consultants' opinions, it is not inconsistent with them. And although the ALJ could have provided more explanation, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted). Thus, the Court finds no error.

As to his second point, Plaintiff contends the ALJ erred when he failed to consider his cane prescription when evaluating his ability to walk and stand.

4

Plaintiff's cane was prescribed by Dr. Luke Wicke on July 19, 2022. R. at 848. The cane prescription is unaccompanied by any treatment or visit notes. On August 2, 2022, Dr. Wicke completed a form titled "Physician's Statement for Disabled License Plates or Placards." R. at 851. The form was comprised of checkboxes and did not include any explanation or reference any medical evidence. *See id.* Dr. Wicke indicated Plaintiff could walk no more than 50 feet without stopping to rest. *Id.* Despite prescribing a cane two weeks earlier, the box indicating a need for an assistive device was left unchecked. *Id.* The ALJ found Dr. Wicke's "Physician's Statement" unpersuasive and "inconsistent with the overall evidence of record which fails to document such significant abnormalities." R. at 27.

As an initial matter, Dr. Wicke's cane prescription and "Physician's Statement" have little evidentiary value because they are conclusory, cite no medical evidence, and provide no elaboration. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). More importantly though, aside from the cane prescription, there is no evidence in the record indicating Plaintiff required or used an assistive device.

Plaintiff did not allege needing or using an assistive device in his function report. R. at 398. Nor did he mention needing or using an assistive device at any time during his hearing. R. at 146–62.[2] After the hearing, but before he ALJ issued his opinion, Plaintiff underwent a consultative examination by Wesley Davis, MSN on September 19, 2022. During the exam, Plaintiff stated he did not use an assistive device and could walk 100 yards without resting. R. at 868. Further, Plaintiff had a normal steady gait, was able to navigate stairs, was able to squat and rise without assistance or difficulty, and was able to stand on one foot bilaterally without assistance or difficulty. R. at 868–70. As a result, Mr. Davis determined Plaintiff had no "functional deficit

---

[2] The only references to an assistive device were made by Plaintiff's counsel in the opening statement and in a hypothetical posed to the Vocational Expert. *See* R. at 145, 168–69.

5

regarding [his] ability to perform and sustain job-related duties of sitting, handling objects, hearing, speaking, standing, walking, lifting, carrying, and traveling." R. at 870. The ALJ found Mr. Davis's opinion somewhat persuasive. R. at 26.

Because there is no evidence Plaintiff required or used an assistive device, the Court finds no error in the ALJ's decision.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   June 6, 2024              /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT